IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00184-BNB

JOHN F. HAMMONDS,

    Applicant,

v.

ARISTEDES ZAVARAS, Executive Director, and
JOHN WILLIAM SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 03 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, John F. Hammonds, is a prisoner in the custody of the Colorado Department of Corrections at the Fort Lyon Correctional Facility in Fort Lyon, Colorado. Mr. Hammonds has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges the computation of his prison sentence. The court must construe the application liberally because Mr. Hammonds is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hammonds will be ordered to file an amended application.

The court has reviewed the application and finds that it is deficient because Mr. Hammonds is challenging the execution of his sentence rather than the validity of a state court conviction and sentence. More specifically, Mr. Hammonds claims in this action that the DOC has withheld or denied more than three years of good time credits

that are mandated by state statute. As a result, the claim he is raising properly is asserted pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). Because Mr. Hammonds has not filed an application for a writ of habeas corpus pursuant to § 2241, he will be ordered to file an amended application on the proper form if he wishes to pursue his claim in this action. Mr. Hammonds also is advised that the only proper respondent to a habeas corpus action is the applicant's custodian. **See** 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). Mr. Hammonds also is advised that he must identify clearly the specific constitutional claims he intends to pursue and he must allege specific facts in support of those claims. Naked allegations of constitutional violations are not cognizable in a habeas corpus action. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Hammonds file **within thirty (30) days from the date of this order** an amended pleading on the proper 28 U.S.C. § 2241 form. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Hammonds, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Hammonds fails within the time allowed to file an amended pleading as directed, the application will be denied and the action will be dismissed without further notice.

DATED February 3, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00184-BNB

John F Hammonds
Prisoner No. 53767
Ft Lyon Correctional Facility
PO Box 1000
Ft Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 form** to the above-named individuals on February 3, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk