FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 22 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00184-BNB

JOHN F. HAMMONDS,
Applicant,

v.

ARISTEDES ZAVARES, Executive Director, and
JOHN WILLIAM SUTHERS, Attorney General, CO.,
Respondents.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, John F. Hammonds, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fort Lyon Correctional Facility in Fort Lyon, Colorado. Mr. Hammonds initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the computation of his prison sentence. On February 3, 2011, the court ordered Mr. Hammonds to file an amended application on the proper 28 U.S.C. § 2241 habeas corpus form. On February 18, 2011, Mr. Hammonds filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court must construe the amended application liberally because Mr. Hammonds is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hammonds will be ordered to file a second amended application.

The court has reviewed the amended application and finds that it is deficient because Mr. Hammonds fails to allege specific facts in support of his claim challenging the execution of his sentence. Mr. Hammonds asserts that his federal constitutional rights have been violated because the DOC is violating Colorado state law with respect to good time credits and possibly also earned time credits. He specifically claims that the DOC "has withheld and/or denied more than three years of good time credits that are mandated by statute." (Doc. #5 at p.3.) Mr. Hammonds alleges in support of this claim that "[a]s demonstrated by the attached, official Time Computation History Report Sheet, the DOC has not made any attempt to apply 'Good Time Credits in accordance with the law." (*Id.*) However, no time computation history report sheet is attached to the amended application, and Mr. Hammonds fails to explain what is required under state law or how the DOC has failed to comply with state law. Mr. Hammonds alleges further that the DOC has "made attempts to withhold credits when applicable" and that "[n]o additional sentencing order was ever provided by the committing jurisdiction authorizing the withholding of the credits in question." (*Id.*) However, these additional allegations do not assist the court in understanding the claim being asserted in the amended application. In short, Mr. Hammonds does not explain specifically how the DOC has violated state law, specifically what the DOC must do in order to comply with state law, or how the alleged violation of state law violates his federal constitutional rights.

Mr. Hammonds was advised previously that he must identify clearly the specific constitutional claims he intends to pursue and he must allege specific facts in support of those claims. Mr. Hammonds also was advised that naked allegations of constitutional

violations are not cognizable in a habeas corpus action. See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Despite these advisements, Mr. Hammonds fails to assert specific facts in support of his claim in the amended application. He will be given one more opportunity to file a pleading that complies with these requirements. Accordingly, it is

ORDERED that Mr. Hammonds file **within thirty (30) days from the date of this order** a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Hammonds, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Hammonds fails within the time allowed to file a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as directed, the action will be dismissed without further notice.

DATED February 22, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00184-BNB

John F Hammonds
Prisoner No. 53767
Ft Lyon Correctional Facility
PO Box 1000
Ft Lyon, CO 81038

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 form** to the above-named individuals on February 22, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk