FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00184-BNB

JOHN F. HAMMONDS,

    Applicant,

v.

ARISTEDES ZAVARES, Executive Director, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, John F. Hammonds, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fort Lyon Correctional Facility in Fort Lyon, Colorado. Mr. Hammonds initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). On February 18, 2011, Mr. Hammonds filed on the proper form an amended application for a writ of habeas corpus pursuant to § 2241 (Doc. #5). On March 8, 2011, Mr. Hammonds filed a second amended application for a writ of habeas corpus pursuant to § 2241 (Doc. #7). Mr. Hammonds is challenging the computation of his prison sentence.

    On March 11, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondents intend to raise either or both of those defenses in this action. On March 28, 2010, Respondents filed a Preliminary Response to Application for Writ of Habeas Corpus (Doc. #10) in

which they argue that Mr. Hammonds' claims are not exhausted. Mr. Hammonds has not filed a reply despite being given an opportunity to do so.

The Court must construe the second amended application liberally because Mr. Hammonds is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Hammonds contends that the DOC is not computing his sentence correctly in accordance with Colorado state law and that the DOC's failure to comply with state law violates his federal constitutional rights. He specifically alleges that he has been denied good time credits that are afforded to all offenders in violation of Colorado state law and that good time credits would reduce the amount of time he must serve before he is eligible for parole. Mr. Hammonds also alleges that the DOC has denied him earned time credits to which he is entitled under Colorado state law.

As noted above, Respondents argue that Mr. Hammonds' claims are not exhausted. Mr. Hammonds must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. See *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction

attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents specifically argue that Mr. Hammonds has not exhausted state remedies for his claims because Mr. Hammonds has not filed any state court action challenging the computation of his prison sentence. As noted above, Mr. Hammonds has not filed a reply to the Preliminary Response and, as a result, he has not responded to the argument that he has failed to exhaust state remedies. Although he alleges in the second amended application that he has formally notified prison officials of his claim

3

regarding good time credits, he does not allege or demonstrate in the second amended application that he has fairly presented his claims to the Colorado state courts. As a result, the Court finds that Mr. Hammonds fails to satisfy his burden of demonstrating that he has exhausted all available state remedies for his claims in this action. The instant action will be dismissed for failure to exhaust state remedies. Accordingly, it is

ORDERED that the habeas corpus application, the amended application, and the second amended application are denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __2nd__ day of ____May____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00184-BNB

John F Hammonds
Prisoner No. 53767
Ft Lyon Correctional Facility
PO Box 1000
Ft Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 2, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk